**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1093-19T1

PATRICK JOHNSON,

      Plaintiff-Respondent,

v.

RODNEY GONZALES,

      Defendant-Appellant,

and

SHELDON, MATLACK,
KNIPE, ASSOCIATES, INC.,

      Defendants.

_____

           Submitted December 1, 2020 — Decided December 16, 2020

           Before Judges Mawla and Natali.

           On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. DC-003930-19.

           Rodney Gonzales, appellant pro se.

           Dale W. Keith, attorney for respondent.

PER CURIAM

Defendant Rodney Gonzales appeals from an October 1, 2019 judgment entered in favor of plaintiff Patrick Johnson for property damage and costs from flooding caused by a broken pipe in defendant's adjoining property. We affirm.

We derive the following facts from the record. Plaintiff and defendant each own one half of a duplex, which shares a common wall. Plaintiff's property is occupied by tenants. Defendant's property is unoccupied. On January 22, 2019, water flooded into plaintiff's basement, damaging the home's heater and hot water heater. The rising water threatened to reach the electrical outlets and required the local fire department to pump out the basement.

After the flood was contained, plaintiff's tenants vacated the property due to the lack of heat and hot water, and he paid $239.96 for their motel stay while repairs were made. Plaintiff purchased a dehumidifier and shop-vac at a cost of $224.52 to clean the basement and remediate mold from the flood. He hired a contractor to replace the heating equipment, which cost $7700. The newly installed equipment required a permit from Gloucester City, inspection, and certification, at a cost of $536.33. Plaintiff also incurred postage costs of $4.05 and court costs of $101.

A-1093-19T1

Prior to trial, plaintiff's counsel served a demand for admissions on defendant by first-class and certified mail on August 5, 2019. The certified mail was returned unclaimed. Defendant did not respond to the demand and therefore admitted: he owned the adjoining property; "on January 22, 2019[,] a water pipe in [d]efendant['s] . . . property . . . was leaking into the basement of [plaintiff's property] and . . . came through the common basement wall of plaintiff's property . . . ."; "the Gloucester City Fire Department . . . found three . . . feet of water in [the] basement of [plaintiff's property,] . . . which required same to be pumped out"; and "[t]hat the water intrusion from [defendant's property] caused extensive damage to [plaintiff's] property . . . including damaging the hot water heater, the HVAC system . . . and requiring mold remediation."

To explain the level of damage caused by the water and the ensuing need to replace the equipment in his basement, plaintiff testified the water heater was "five [to] eight years old at the most." Defendant produced a photograph, which showed the heater on the ground and the water line over the top of the unit. He produced a photograph of the new combined heater and water heater, which showed it was attached to the basement wall, out of reach of any water.

During his testimony, defendant acknowledged his "pipe froze . . . and it was shooting water out a little bit" and that he had "two to three feet of water"

3

in his side of the basement. However, defendant argued plaintiff failed to prove defendant was negligent because defendant frequently inspected his property and plaintiff's side of the common wall was in disrepair, allowing the flooding to occur. He also argued plaintiff failed to mitigate his damages because he installed a more expensive system than he originally had. Defendant opined the repairs should have cost plaintiff $2100.

Defendant also argued he did not receive an answer to his request for production of documents. As a result, he claimed he had no knowledge of plaintiff's damages. Defendant claimed he filed a "motion for discovery," but plaintiff failed to produce discovery.

The trial judge rendered an oral opinion and concluded defendant was negligent because

> it's . . . not disputed that the water . . . leak originated . . . in . . . defendant's basement and then got through the walls, and then essentially filled up . . . the basement. Defendant mentions it's kind of small, ten by ten, but still basically filled it up to several feet.
>
> I'm looking at one of the photographs, . . . [a]nd . . . [it] . . . is supposed to show the condition as it existed before the . . . water infiltration. So, [it] shows this heater sitting there, and then next to it in the corner is the water heater, and . . . it shows both of them in a bit of a mess . . . . But then there's . . . a hole that the water heater is sitting on . . . .

4

. . . .

So you would expect . . . a great amount of water would first just basically infiltrate into the ground [in the hole beneath the heater] before it started filling up the basement. But then, to fill up the basement to the extent of two feet or three feet, which neither are really disputed . . . , the . . . water had to have been flowing for quite some time to basically go into defendant's basement, . . . fill up his basement to about the same degree . . . .

With regard to the argument raised by . . . defendant [that] the wall was not in good shape on the part of . . . [plaintiff], I'm not persuaded by that. First off, the wall is really not . . . a dam[], and it would seem that if there's three feet of water in the defendant's basement, . . . if the wall was just basically pure cinder block, it seems the water would infiltrate there unless those block hollows were all filled with concrete. But it's not supposed to be a dam.

The judge found the costs plaintiff presented for the tenant's motel stay, city permits and inspection, dehumidifier and shop-vac, court fees and postage were reasonable and compensable. The judge found it was necessary for plaintiff to replace the entire water heater and heating system because the flooding had "rendered [the old system] junk" and there was no means to "depreciate the value" of the lost equipment. The judge also rejected defendant's argument that plaintiff replaced the equipment with an upgraded system because

I have no proofs . . . from . . . defendant . . . to . . . indicate that under the circumstances, this wall unit was

5

not something that was necessary, and that something . . . less sophisticated could have been installed in place . . . . And again, for me to just sort of go in there and reduce it by half, or reduce it by a third or something like that, would quite frankly . . . be . . . arbitrary and capricious because the [c]ourt is not an expert . . . .

I find that the testimony by the plaintiff was clear, concise, and credible . . . . I looked and I evaluate[d] the testimony of both sides in the trial, and I saw nothing to basically either impeach [plaintiff's] testimony or . . . otherwise indicate that he was coming in here and basically giving a falsehood about what he paid for this work.

So, I find that he has also proven the cost of this heating system that was necessitated by the negligence of the defendant.

The judge awarded plaintiff a judgment totaling $8805.86.

On an appeal from a bench trial, our scope of review is "limited." Rova Farms Resort, Inc. v. Invs. Ins. Co., 65 N.J. 474, 484 (1974). "Findings by the trial judge are considered binding on appeal when supported by adequate, substantial and credible evidence." Ibid. (quoting N.J. Tpk. Auth. v. Sisselman, 106 N.J. Super. 358 (App. Div. 1969)). They should "not be disturbed unless 'they are so wholly insupportable as to result in a denial of justice.'" Ibid. (quoting Greenfield v. Dusseault, 60 N.J. Super. 436, 444 (App. Div. 1960)).

Defendant raises the following points on appeal:

POINT I: THE COURT IMPROPERLY RULED ON [DEFENDANT'S] NEGLIGENCE WITHOUT ANY EVIDENCE TO SUPPORT A FINDING OF NEGLIGENCE

POINT II: THE COURT ALLOWED PLAINTIFF TO INTRODUCE EVIDENCE WHICH HAD NOT BEEN PROVIDED IN DISCOVERY, WITHOUT PROVIDING [DEFENDANT] WITH AN UNDERSTANDING OF [HIS] ABILITY TO OBJECT

POINT III: THE COURT FAILED TO PROVIDE [DEFENDANT] WITH AN OPPORTUNITY TO INTRODUCE EVIDENCE WITH RESPECT TO PLAINTIFF'S DAMAGE CLAIMS

POINT IV: THE COURT FAILED TO PROPERLY CALCULATE THE DAMAGES

The record supports the trial judge's findings regarding liability, namely, the reasonable inference from the trial evidence that defendant failed to monitor his property. Defendant's failure to answer plaintiff's requests for admissions established that the water in plaintiff's property came from a pipe in defendant's basement, reached a level of approximately three feet in plaintiff's basement, and damaged his heater and heating equipment, requiring mold remediation. Defendant's testimony at trial did not rebut these facts. Furthermore, the judge considered, but rejected defendant's testimony the damage was caused by the condition of plaintiff's side of the basement wall and that defendant regularly inspected the property. We have no reason to disturb the trial judge's findings.

7

We reject defendant's assertion the trial judge admitted evidence in violation of the discovery rules. The record reveals defendant checked a box on the form answer he filed in response to plaintiff's complaint which stated: "Demand for Production of Documents Pursuant to R[ule] 4:18-2. By checking this box, demand is made for production of all documents or papers referred to in the pleading for which this answer is provided, within [five] days of this demand." Defendant raised the lack of discovery at trial and the following colloquy ensued:

> [Defendant:] If I had been given discovery like I filed for, . . . I would have a copy of everything that he's saying that he did. But I asked for that through the court, I did not receive it. I then called the court . . . and . . . spoke with [a staff member], and she said[: "O]h no, this is a separate trial. . . . [T]hey sent something up here[.]" I sent somebody up, picked it right up, . . . and it shows none of this . . . documentation [plaintiff] gave . . . . So, I feel that first off, this [case] should have been thrown out, just because [plaintiff] never provided discovery . . . .
>
> [The Court]: Well, you have to . . . ask them, and if you don't get it, you have to file a motion. I don't know what you're expecting the court to do.
>
> [Defendant]: I filed a motion for discovery. I filed paperwork to the court to get discovery, and I never received anything.
>
> . . . .

A-1093-19T1

[The Court]: Let's just take a look . . . in the docket.

. . . .

[Court Clerk]: There was no motion in the file.

Rule 6:4-3(e) states: "The provision of R[ule] 4:18 (production of documents, inspection) shall apply to actions in the Special Civil Part." Rule 4:18-1(b)(4) states: "The requesting party may move for an order of dismissal or suppression or an order to compel pursuant to R[ule] 4:23-5 with respect to [a] . . . failure to respond to the request or . . . any failure to permit inspection as requested." The comment to the rule explains that "[i]f the party served with the demand does not respond, the aggrieved party need not filed a motion seeking compliance but may immediately resort to the two-step dismissal procedure prescribed by R[ule] 4:23-5(a) for failure to answer." Pressler & Verniero, Current N.J. Court Rules, cmt. 2.4 on R. 4:18-1(b)(4) (2021).

It is clear defendant did not adhere to the Rules of Court. The record is devoid of a motion to compel the discovery he claimed was missing and he did not file a motion to dismiss plaintiff's complaint prior to trial. The trial judge did not err by refusing to dismiss the complaint at trial.

We likewise reject defendant's arguments in Points III and IV challenging the damages award. In Point III, defendant argues the trial judge erred by not

permitting him to introduce evidence to rebut plaintiff's damages claim. In Point IV, he claims the judge "did not calculate any reduction due to the equipment being different than what had been in place . . . [and awarded plaintiff] full damages for the shop [] vac and dehumidifier[.]"

As we noted, defendant testified to what he thought was the proper cost to replace the damaged equipment in plaintiff's basement. This drew an objection from plaintiff's counsel on grounds of hearsay and because defendant was not qualified as an expert. Although the judge never ruled on the objection, defendant presented no objective expert or fact testimony to support his claims regarding the damages amount. Defendant was never qualified as an expert and quotes he claimed he received from a supply company for replacement equipment are not contained in the record. The arguments raised by defendant relating to the value difference between the old and new equipment was addressed and rejected by the trial judge, who found defendant failed to adduce objective evidence to rebut plaintiff's proofs. The remaining argument regarding the mold remediation equipment lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1093-19T1